QUESTION: May a board of county commissioners adopt an ordinance on its own motion, without an application from the landowner or owners, authorizing the vacation of subdivision plats under s.177.101 or s. 163.280, F.S., when the vacating of such plat will not affect the ownership or right of convenient access of such owners?
SUMMARY: Section 177.101, F.S., does not empower the board of county commissioners of a nonchartered county to vacate subdivision plats on its own motion. Such authority does exist under s. 163.280, F.S., in certain circumstances and upon certain conditions, but only if the board formally adopts and proceeds in accordance with the requirements of Part II, Ch. 163, F.S. Attorney General Opinion 072-169 holds that a board of county commissioners (of a nonchartered county) is without authority under s. 177.101, F.S., to vacate a subdivision plat upon its own motion without an application by the developer of the subdivision or the owners of the lots therein. Section 163.280(2), F.S. (adopted in 1969 by Ch. 69-139, Laws of Florida), provides: The governing body [e.g. board of county commissioners, see s. 163.170(4), id.] may on its own motion, order the vacation and reversion to acreage of all or any part of a subdivision within its jurisdiction, including the vacation of streets or other parcels of land dedicated for public purposes or any of such streets or other parcels when: (a) The plat of the subdivision was recorded as provided by law not less than five years before the date of such action, and (b) In the subdivision or part thereof, not more than ten percent of the total subdivision area, has been sold as lots by the original subdivider or his successor in title. (Emphasis supplied.) This section also states that the vacation must be based upon a determination, after a public hearing with due public notice, that the proposed vacation conforms with the comprehensive plan of the area and that the public welfare will be promoted thereby. See also s. 163.280(3)(a), providing for rezoning of the subdivision area in light of its reversion to acreage. Thus, a board of county commissioners of a nonchartered county has specific authority to vacate subdivision plats on its own motion in the circumstances and upon the conditions and terms set forth in s. 163.280, id. It should be noted, however, that s. 163.315, id., expressly provides that a county wishing to utilize Part II of Ch. 163, F.S., "must take formal suitable action declaring its election to proceed under the provisions of this part." If a county wishes to utilize the provisions of s. 163.280 to order the vacation of a subdivision on its own motion, it must adopt formally and proceed according to all of Part II of Ch. 163, including establishing a commission, s. 163.180; developing a comprehensive plan, s. 163.190; and regulating subdivision lands, ss. 163.260-163.270. Attorney General Opinion 072-273. Therefore, a board of county commissioners of a nonchartered county can vacate a subdivision plat on its own motion only pursuant to the terms and conditions of s. 163.280 and only after it has formally brought itself within the provisions of Part II, Ch. 163.